IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANDREW PETERSON, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:21-cv-00065 |
| | ) | |
| v. | ) | |
| | ) | |
| WALLENS RIDGE STATE PRISON, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Plaintiff Michael Andrew Peterson, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Peterson has sought leave to proceed in forma pauperis. Upon review of the complaint pursuant to 28 U.S.C. § 1915A(a), it is evident that Peterson was still in the process of exhausting his administrative remedies at the time he filed his complaint. Because he plainly failed to exhaust his administrative remedies before filing suit, the court will dismiss his complaint without prejudice. If he is dissatisfied with the final response to his grievance and any appeals, he may file a new civil complaint after he completely exhausts.

I.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See also 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding in forma pauperis, to dismiss the case if it, for example, is frivolous or fails to state a claim on which relief may be granted).

Peterson's complaint is brief and names only a single defendant: Wallens Ridge State Prison. He alleges that, on November 30, 2020, he was a "suicidal mental health inmate on

[a] hunger strike and housed in a mental health cell." Compl. 2, ECF No. 1.  He contends that Lt. Hughes, "for her own personal reasons," had him relocated.  He further alleges that "security" used excessive force in doing so, slamming his face into a wall and breaking his nose.  Id.

In response to a question on his complaint form that asks if he has filed any grievances regarding the facts of the complaint, Peterson answers yes.  Id. at 1.  He then clarifies that he did not receive a response to his informal complaint, that his regular grievance is pending, and that a response is due February 6, 2021.  He also attaches a copy of his grievance receipt showing that his grievance was filed, but a response to it was not yet due at the time he filed his complaint, which he signed on January 22, 2021.

II.

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "allow[s] a prison to address complaints . . . before being subjected to suit, reduc[es] litigation to the extent complaints are satisfactorily resolved, and improve[es] litigation that does occur by leading to the preparation of a useful record."  Jones v. Bock, 549 U.S. 199, 219 (2007).  "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  Id. at 211.

The PLRA requires "proper exhaustion" of available remedies prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  "[P]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceeding." Id. at 90–91. Thus, an inmate's failure to follow the required procedures of the prison's administrative remedy process, including time limits, or to exhaust all levels of administrative review is not "proper exhaustion" and will bar the claim. Id. at 90. Notably, moreover, district courts may not "excuse a failure to exhaust." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

VDOC Operating Procedure ("OP") 866.1, titled Offender Grievance Procedure, is the mechanism used to resolve inmate complaints within the Virginia Department of Corrections ("VDOC"), and the court takes judicial notice of that procedure. See OP 866.1, available at https://vadoc.virginia.gov/files/operating-procedures/800/vadoc-op-866-1.pdf (last visited February 16, 2021). The latest version of OP 866.1 has an effective date of January 1, 2021, which was before Peterson filed his grievance. As described therein, the VDOC grievance process involves three basic steps.

First, before submitting a regular grievance, the inmate must make a good faith effort to resolve the issue informally through the available procedures. Second, if the informal resolution effort fails, the inmate must file a regular grievance, which generally must be submitted within 30 days from the date of the incident and must include any required documentation of the prisoner's attempt to informally resolve the issue. If a grievance is accepted at intake, then staff should issue a response within thirty days. Third, if the inmate is dissatisfied with the response to his grievance, he has five days to file an appeal, and a response to the appeal must be made within 20 days. OP 866.1 § I (entitled "Grievance Procedure Overview").

A failure to exhaust is not generally an issue on which a court should sua sponte dismiss a prisoner complaint, but "where the alleged facts in the complaint, taken as true, prove that

the inmate failed to exhaust his administrative remedies," sua sponte dismissal is appropriate. Custis v. Davis, 851 F.3d 358, 361 (4th Cir. 2017). Here, the complaint itself makes plain that Peterson has not yet completed exhaustion, and he expressly states that his grievance was pending at the time he filed his complaint. Accordingly, the court will dismiss his complaint without prejudice for failure to exhaust.

### III.

For the foregoing reasons, Peterson's complaint will be dismissed without prejudice for failure to exhaust. After he completes his exhaustion of administrative remedies, Peterson may file a new civil action. Peterson is further advised that, if and when he files a new § 1983 complaint, he must identify a proper defendant. As noted, Peterson named only Wallens Ridge State Prison as a defendant, but a prison facility is not a "person" subject to suit and thus is an improper defendant to this § 1983 claim. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 894 (E.D. Va. 1992). Instead, Peterson's new complaint should name as defendants the individual or individuals who he believed violated his constitutional rights. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) (explaining that liability under § 1983 is "personal, based upon each defendant's own constitutional violations") (internal citation omitted).

An appropriate order will be entered.

Entered: February 18, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.02.18 15:09:22 -05'00'

Michael F. Urbanski
Chief United States District Judge

4